IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHEY BALONEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY LLC and | § | |
| MITSUI & CO. (U.S.A.), INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, KATHY BALONEY, BRIONNA AGE, WILLARD ALEXANDER, DANIEL ALEXANDER, DORIS BALONEY, VERNON BALONEY SR., YOLANDA BELMARES, ALEX BENNETT, HATTIE BONNER, MARK BOOKMAN, DERICCA BOOKMAN, ALIZE BOOKMAN, SHEMECKIA BOOKMAN, BRENDA BOWEN, ARMELIA BOWMAN, STEVIE BRADLEY, BOUCHA BRADLEY SR. (INDIVIDUALLY), BOUCHA BRADLEY SR. AS NEXT FRIEND OF B.B., A MINOR, BOUCHA BRADLEY SR. AS NEXT FRIEND OF B. B. JR., A MINOR, OSCAR BRICE, SHEILA BROUSSARD, LAQUITA BROWN, JEANETTE BUTLER, GULIA CANNON, LATONYA CARTER, WESLEY CARTER, KELISHA ROSS CARTER, KENNETH CASH, ALMA CASH (INDIVIDUALLY), DONALD CASTON, TANYA CELESTINE AS NEXT FRIEND OF J.C., A MINOR, ALMA CASH AS NEXT FRIEND OF V.C., A MINOR, BRANDON COOK, PATRICK COOPER, WILLIAM CRISWELL, REBECCA  DAVIS, REGINALD DAVIS, EARL DAVIS, PHILEMON DENTON, NATHASHA DORSEY, ALTON DUPREE, RASAUUD

EAGLIN, REGINALD EDWARDS, REGINALD EDWARDS JR., EVERETT
EMMONS, SOPHIA FINNEY, RUTH GOMEZ AS NEXT FRIEND OF H.G., A
MINOR, OPRA GIBSON, CLARENCE GILDER JR., WILFREY GODFREY,
DENISE GODFREY, RHONDA GOLDEN, GARRY GOLDEN, EUGENE GOLDEN,
RUTH GOMEZ AS NEXT FRIEND OF H.G., A MINOR, ELIZABETH GOMEZ,
GUMARO GOMEZ, TASHA GRAY, DOROTHY GREEN, TAMMY GREEN,
DARRELL GREENE, EDWARD GRIGSBY, LESLIE GUILLORY, JESSICA TAPLIN
AS NEXT FRIEND OF A.G., A MINOR, AMOS HAGAN, THERESA HALL,
RALEIGH HANKS, KENNETH HARRIS, DEBORAH HARRIS, ROBERT HARRIS,
JAMES HARRIS, MARCEL HARRIS, CHARLES HARRIS, MARIA HERNANDEZ,
PORSHIA HINES, JOHN HONORE JR., TAMISHIA HUBBARD, SANNIE
HUGHES, JOHN JACKSON JR., COURTNEY JARMON, VERNADETTE
JARMON, MONICA JARMON, ALBERTA JOHNSON (INDIVIDUALLY), ALBERTA
JOHNSON AS NEXT FRIEND OF C.J., A MINOR, ALBERTA JOHNSON AS
NEXT FRIEND OF J.J., A MINOR, JACQUELINE JOHNSON, OLIVER JOHNSON
V, DUNTA JONES, VINCE JORDAN, NASHELLA JUDGE, MAELAND
KIRKWOOD, BYRON LACY, JESSE LAMB, EDDIE LANIER, SHEILA LANIER,
CESAR LEAL, OSCAR LEBLANC, SHARON LEE, SHAQUITA RANDOLPH AS
NEXT FRIEND OF M.L., A MINOR, THERESSA LEVINE, LISA LITTLE, RHANDA
MADISON, TRENDA MARKS, JOHN MCCLENDON, GREGORY MCCLINTON,
HAROLD MCCLINTON, HAROLD MCCLINTON JR., KEHOSHA MCCRIMMON,
TOMMY MERCHANT, LURLEAN MERCHANT, ERMA MOLLETTE, DETREK
MONTGOMERY, CHARLES MOORE, WILLIAM MOORE, EDWARD MOSLEY,

EULA MOSLEY, JOHN MOUTON, MELANIE MURPHY, PAL NAVAJO, JOE NUNEZ, MICHELLE POWELL, ALBERT POWELL, KHANDRA POWELL (INDIVIDUALLY), KHANDRA POWELL AS NEXT FRIEND OF T.P., A MINOR, KHANDRA POWELL AS NEXT FRIEND OF J.P., A MINOR, KHANDRA POWELL AS NEXT FRIEND OF S.P., A MINOR, JESSE PRESTON, CLARENCE PRESTON, ROSE PRESTON, LENA PRICE, LILYANA QUINTANILLA, SHAQUITA RANDOLPH, RANDY RAY, JASMINE RICHARD, DWIGHT RICHARDSON, WINELL RICHARDSON, LEROY ROBINSON, TAWANA ROBINSON, SHINA ROGAN (INDIVIDUALLY), SHINA ROGAN AS NEXT FRIEND OF S.R., A MINOR, ANGEL ROGERS, KENNETH ROSS, VINILLA RUSH, ROSLYAN SAMPSON, CHALANDRA SHELTON, DENERICK SHELTON, LATONIA SHELTON, VERNETTA SHELVIN, BILLY SMITH, CHARLIE SMITH, BENNIE SMITH, HATTIE SMITH, BETTY JEAN SPIKES, JESSICA TAPLIN (INDIVIDUALLY), JESSICA TAPLIN AS NEXT FRIEND OF E.T., A MINOR, LOUIS TAYLOR, PATRICK TERRELL, BRITISH THOMAS, DONALD THOMAS, REGINA THOMAS, RAY THOMAS, VERNON THOMPSON, TRACY VENABLE, CLIFFORD WASHINGTON, RAYMOND WASHINGTON, EARNEST WILLIAMS, DAVETTA YARBROUGH, and NIAH YOUNG, file this original complaint against Intercontinental Terminals Company, LLC, and Mitsui & Co. (U.S.A), Inc., and allege as follows:

## I.
## NATURE OF THIS ACTION

1.     This is an action for personal injuries suffered by Plaintiffs as a

result of the negligent acts and omissions of Defendants that proximately caused the fire at the Intercontinental Terminals Company LLC's plant in Deer Park, Texas, that burned from March 17, 2019, through March 22, 2019. The fire sent thick, dark clouds of smoke into the air that immersed the area around the facility for miles with toxic chemicals that produced Plaintiffs' damages.

## II.
## THE PARTIES

2.    Plaintiff, KATHY BALONEY, is an individual who resides in Harris County, Texas.

3.    Plaintiff, BRIONNA AGE, is an individual who resides in Harris County, Texas.

4.    Plaintiff, WILLARD ALEXANDER, is an individual who resides in Harris County, Texas.

5.    Plaintiff, DANIEL ALEXANDER, is an individual who resides in Harris County, Texas.

6.    Plaintiff, DORIS BALONEY, is an individual who resides in Harris County, Texas.

7.    Plaintiff, VERNON BALONEY SR., is an individual who resides in Harris County, Texas.

8.    Plaintiff, YOLANDA BELMARES, is an individual who resides in Harris County, Texas.

9.    Plaintiff, ALEX BENNETT, is an individual who resides in Harris County, Texas.

10.   Plaintiff, HATTIE BONNER, is an individual who resides in Harris County, Texas.

11.   Plaintiff, MARK BOOKMAN, is an individual who resides in Harris County, Texas.

12.     Plaintiff, DERICCA BOOKMAN, is an individual who resides in Harris County, Texas.

13.     Plaintiff, ALIZE BOOKMAN, is an individual who resides in Harris County, Texas.

14.     Plaintiff, SHEMECKIA BOOKMAN, is an individual who resides in Harris County, Texas.

15.     Plaintiff, BRENDA BOWEN, is an individual who resides in Harris County, Texas.

16.     Plaintiff, ARMELIA BOWMAN, is an individual who resides in Harris County, Texas.

17.     Plaintiff, STEVIE BRADLEY, is an individual who resides in Harris County, Texas.

18.     Plaintiff, BOUCHA BRADLEY SR. (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

19.     Plaintiff, BOUCHA BRADLEY SR. AS NEXT FRIEND OF B.B., A MINOR, is an individual who resides in Harris County, Texas.

20.     Plaintiff, BOUCHA BRADLEY SR. AS NEXT FRIEND OF B.B. JR., A MINOR, is an individual who resides in Harris County, Texas.

21.     Plaintiff, OSCAR BRICE, is an individual who resides in Harris County, Texas.

22.     Plaintiff, SHEILA BROUSSARD, is an individual who resides in Harris County, Texas.

23.     Plaintiff, LAQUITA BROWN, is an individual who resides in Harris County, Texas.

24.     Plaintiff, JEANETTE BUTLER, is an individual who resides in Harris County, Texas.

25.     Plaintiff, GULIA CANNON, is an individual who resides in Harris County, Texas.

26.     Plaintiff, LATONYA CARTER, is an individual who resides in Harris County, Texas.

27.   Plaintiff, WESLEY CARTER, is an individual who resides in Harris County, Texas.

28.   Plaintiff, KELISHA ROSS CARTER, is an individual who resides in Harris County, Texas.

29.   Plaintiff, KENNETH CASH, is an individual who resides in Harris County, Texas.

30.   Plaintiff, ALMA CASH (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

31.   Plaintiff, ALMA CASH AS NEXT FRIEND OF V.C., A MINOR, is an individual who resides in Harris County, Texas.

32.   Plaintiff, DONALD CASTON, is an individual who resides in Harris County, Texas.

33.   Plaintiff, TANYA CELESTINE AS NEXT FRIEND OF J.C., A MINOR, is an individual who resides in Harris County, Texas.

34.   Plaintiff, BRANDON COOK, is an individual who resides in Harris County, Texas.

35.   Plaintiff, PATRICK COOPER, is an individual who resides in Harris County, Texas.

36.   Plaintiff, WILLIAM CRISWELL, is an individual who resides in Harris County, Texas.

37.   Plaintiff, REBECCA DAVIS, is an individual who resides in Harris County, Texas.

38.   Plaintiff, REGINALD DAVIS, is an individual who resides in Harris County, Texas.

39.   Plaintiff, EARL DAVIS, is an individual who resides in Harris County, Texas.

40.   Plaintiff, PHILEMON DENTON, is an individual who resides in Harris County, Texas.

41.   Plaintiff, NATHASHA DORSEY, is an individual who resides in Harris County, Texas.

42.     Plaintiff, ALTON DUPREE, is an individual who resides in Harris County, Texas.

43.     Plaintiff, RASAUUD EAGLIN, is an individual who resides in Harris County, Texas.

44.     Plaintiff, REGINALD EDWARDS, is an individual who resides in Harris County, Texas.

45.     Plaintiff, REGINALD EDWARDS JR., is an individual who resides in Harris County, Texas.

46.     Plaintiff, EVERETT EMMONS, is an individual who resides in Harris County, Texas.

47.     Plaintiff, SOPHIA FINNEY, is an individual who resides in Harris County, Texas.

48.     Plaintiff, RUTH GOMEZ AS NEXT FRIEND OF H.G., A MINOR, is an individual who resides in Harris County, Texas.

49.     Plaintiff, OPRA GIBSON, is an individual who resides in Harris County, Texas.

50.     Plaintiff, CLARENCE GILDER JR., is an individual who resides in Harris County, Texas.

51.     Plaintiff, WILFREY GODFREY, is an individual who resides in Harris County, Texas.

52.     Plaintiff, DENISE GODFREY, is an individual who resides in Harris County, Texas.

53.     Plaintiff, RHONDA GOLDEN, is an individual who resides in Harris County, Texas.

54.     Plaintiff, GARRY GOLDEN, is an individual who resides in Harris County, Texas.

55.     Plaintiff, EUGENE GOLDEN, is an individual who resides in Harris County, Texas.

56.     Plaintiff, RUTH GOMEZ AS NEXT FRIEND OF H.G., A MINOR, is an individual who resides in Harris County, Texas.

57.   Plaintiff, ELIZABETH GOMEZ, is an individual who resides in Harris County, Texas.

58.   Plaintiff, GUMARO GOMEZ, is an individual who resides in Harris County, Texas.

59.   Plaintiff, TASHA GRAY, is an individual who resides in Harris County, Texas.

60.   Plaintiff, DOROTHY GREEN, is an individual who resides in Harris County, Texas.

61.   Plaintiff, TAMMY GREEN, is an individual who resides in Harris County, Texas.

62.   Plaintiff, DARRELL GREENE, is an individual who resides in Harris County, Texas.

63.   Plaintiff, EDWARD GRIGSBY, is an individual who resides in Harris County, Texas.

64.   Plaintiff, LESLIE GUILLORY, is an individual who resides in Harris County, Texas.

65.   Plaintiff, JESSICA TAPLIN AS NEXT FRIEND OF A.G., A MINOR, is an individual who resides in Harris County, Texas.

66.   Plaintiff, AMOS HAGAN, is an individual who resides in Harris County, Texas.

67.   Plaintiff, THERESA HALL, is an individual who resides in Harris County, Texas.

68.   Plaintiff, RALEIGH HANKS, is an individual who resides in Harris County, Texas.

69.   Plaintiff, KENNETH HARRIS, is an individual who resides in Harris County, Texas.

70.   Plaintiff, DEBORAH HARRIS, is an individual who resides in Harris County, Texas.

71.   Plaintiff, ROBERT HARRIS, is an individual who resides in Harris County, Texas.

72.  Plaintiff, JAMES HARRIS, is an individual who resides in Harris County, Texas.

73.  Plaintiff, MARCEL HARRIS, is an individual who resides in Harris County, Texas.

74.  Plaintiff, CHARLES HARRIS, is an individual who resides in Harris County, Texas.

75.  Plaintiff, MARIA HERNANDEZ, is an individual who resides in Harris County, Texas.

76.  Plaintiff, PORSHIA HINES, is an individual who resides in Harris County, Texas.

77.  Plaintiff, JOHN HONORE JR., is an individual who resides in Harris County, Texas.

78.  Plaintiff, TAMISHIA HUBBARD, is an individual who resides in Harris County, Texas.

79.  Plaintiff, SANNIE HUGHES, is an individual who resides in Harris County, Texas.

80.  Plaintiff, JOHN JACKSON JR., is an individual who resides in Harris County, Texas.

81.  Plaintiff, COURTNEY JARMON, is an individual who resides in Harris County, Texas.

82.  Plaintiff, VERNADETTE JARMON, is an individual who resides in Harris County, Texas.

83.  Plaintiff, MONICA JARMON, is an individual who resides in Harris County, Texas.

84.  Plaintiff, ALBERTA JOHNSON (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

85.  Plaintiff, ALBERTA JOHNSON AS NEXT FRIEND OF C.J., A MINOR, is an individual who resides in Harris County, Texas.

86.  Plaintiff, ALBERTA JOHNSON AS NEXT FRIEND OF J.J., A MINOR, is an individual who resides in Harris County, Texas.

87.  Plaintiff, JACQUELINE JOHNSON, is an individual who resides in Harris County, Texas.

88.  Plaintiff, OLIVER JOHNSON V, is an individual who resides in Harris County, Texas.

89.  Plaintiff, DUNTA JONES, is an individual who resides in Harris County, Texas.

90.  Plaintiff, VINCE JORDAN, is an individual who resides in Harris County, Texas.

91.  Plaintiff, NASHELLA JUDGE, is an individual who resides in Harris County, Texas.

92.  Plaintiff, MAELAND KIRKWOOD, is an individual who resides in Harris County, Texas.

93.  Plaintiff, BYRON LACY, is an individual who resides in Harris County, Texas.

94.  Plaintiff, JESSE LAMB, is an individual who resides in Harris County, Texas.

95.  Plaintiff, EDDIE LANIER, is an individual who resides in Harris County, Texas.

96.  Plaintiff, SHEILA LANIER, is an individual who resides in Harris County, Texas.

97.  Plaintiff, CESAR LEAL, is an individual who resides in Harris County, Texas.

98.  Plaintiff, OSCAR LEBLANC, is an individual who resides in Harris County, Texas.

99.  Plaintiff, SHARON LEE, is an individual who resides in Harris County, Texas.

100. Plaintiff, SHAQUITA RANDOLPH AS NEXT FRIEND OF M.L., A MINOR, is an individual who resides in Harris County, Texas.

101. Plaintiff, THERESSA LEVINE, is an individual who resides in Harris County, Texas.

102.  Plaintiff, LISA LITTLE, is an individual who resides in Harris County, Texas.

103.  Plaintiff, RHANDA MADISON, is an individual who resides in Harris County, Texas.

104.  Plaintiff, TRENDA MARKS, is an individual who resides in Harris County, Texas.

105.  Plaintiff, JOHN MCCLENDON, is an individual who resides in Harris County, Texas.

106.  Plaintiff, GREGORY MCCLINTON, is an individual who resides in Harris County, Texas.

107.  Plaintiff, HAROLD MCCLINTON, is an individual who resides in Harris County, Texas.

108.  Plaintiff, HAROLD MCCLINTON JR., is an individual who resides in Harris County, Texas.

109.  Plaintiff, KEHOSHA MCCRIMMON, is an individual who resides in Harris County, Texas.

110.  Plaintiff, TOMMY MERCHANT, is an individual who resides in Harris County, Texas.

111.  Plaintiff, LURLEAN MERCHANT, is an individual who resides in Harris County, Texas.

112.  Plaintiff, ERMA MOLLETTE, is an individual who resides in Harris County, Texas.

113.  Plaintiff, DETREK MONTGOMERY, is an individual who resides in Harris County, Texas.

114.  Plaintiff, CHARLES MOORE, is an individual who resides in Harris County, Texas.

115.  Plaintiff, WILLIAM MOORE, is an individual who resides in Harris County, Texas.

116.  Plaintiff, EDWARD MOSLEY, is an individual who resides in Harris County, Texas.

117. Plaintiff, EULA MOSLEY, is an individual who resides in Harris County, Texas.

118. Plaintiff, JOHN MOUTON, is an individual who resides in Harris County, Texas.

119. Plaintiff, MELANIE MURPHY, is an individual who resides in Harris County, Texas.

120. Plaintiff, PAL NAVAJO, is an individual who resides in Harris County, Texas.

121. Plaintiff, JOE NUNEZ, is an individual who resides in Harris County, Texas.

122. Plaintiff, MICHELLE POWELL, is an individual who resides in Harris County, Texas.

123. Plaintiff, ALBERT POWELL, is an individual who resides in Harris County, Texas.

124. Plaintiff, KHANDRA POWELL (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

125. Plaintiff, KHANDRA POWELL AS NEXT FRIEND OF T.P., A MINOR, is an individual who resides in Harris County, Texas.

126. Plaintiff, KHANDRA POWELL AS NEXT FRIEND OF J.P., A MINOR, is an individual who resides in Harris County, Texas.

127. Plaintiff, KHANDRA POWELL AS NEXT FRIEND OF S.P., A MINOR, is an individual who resides in Harris County, Texas.

128. Plaintiff, JESSE PRESTON, is an individual who resides in Harris County, Texas.

129. Plaintiff, CLARENCE PRESTON, is an individual who resides in Harris County, Texas.

130. Plaintiff, ROSE PRESTON, is an individual who resides in Harris County, Texas.

131. Plaintiff, LENA PRICE, is an individual who resides in Harris County, Texas.

132.  Plaintiff, LILYANA QUINTANILLA, is an individual who resides in Harris County, Texas.

133.  Plaintiff, SHAQUITA RANDOLPH, is an individual who resides in Harris County, Texas.

134.  Plaintiff, RANDY RAY, is an individual who resides in Harris County, Texas.

135.  Plaintiff, JASMINE RICHARD, is an individual who resides in Harris County, Texas.

136.  Plaintiff, DWIGHT RICHARDSON, is an individual who resides in Harris County, Texas.

137.  Plaintiff, WINELL RICHARDSON, is an individual who resides in Harris County, Texas.

138.  Plaintiff, LEROY ROBINSON, is an individual who resides in Harris County, Texas.

139.  Plaintiff, TAWANA ROBINSON, is an individual who resides in Harris County, Texas.

140.  Plaintiff, SHINA ROGAN (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

141.  Plaintiff, SHINA ROGAN AS NEXT FRIEND OF S.R., A MINOR, is an individual who resides in Harris County, Texas.

142.  Plaintiff, ANGEL ROGERS, is an individual who resides in Harris County, Texas.

143.  Plaintiff, KENNETH ROSS, is an individual who resides in Harris County, Texas.

144.  Plaintiff, VINILLA RUSH, is an individual who resides in Harris County, Texas.

145.  Plaintiff, ROSLYAN SAMPSON, is an individual who resides in Harris County, Texas.

146.  Plaintiff, CHALANDRA SHELTON, is an individual who resides in Harris County, Texas.

147.  Plaintiff, DENERICK SHELTON, is an individual who resides in Harris County, Texas.

148.  Plaintiff, LATONIA SHELTON, is an individual who resides in Harris County, Texas.

149.  Plaintiff, VERNETTA SHELVIN, is an individual who resides in Harris County, Texas.

150.  Plaintiff, BILLY SMITH, is an individual who resides in Harris County, Texas.

151.  Plaintiff, CHARLIE SMITH, is an individual who resides in Harris County, Texas.

152.  Plaintiff, BENNIE SMITH, is an individual who resides in Harris County, Texas.

153.  Plaintiff, HATTIE SMITH, is an individual who resides in Harris County, Texas.

154.  Plaintiff, BETTY JEAN SPIKES, is an individual who resides in Harris County, Texas.

155.  Plaintiff, JESSICA TAPLIN (INDIVIDUALLY), is an individual who resides in Harris County, Texas.

156.  Plaintiff, JESSICA TAPLIN AS NEXT FRIEND OF E.T., A MINOR, is an individual who resides in Harris County, Texas.

157.  Plaintiff, LOUIS TAYLOR, is an individual who resides in Harris County, Texas.

158.  Plaintiff, PATRICK TERRELL, is an individual who resides in Harris County, Texas.

159.  Plaintiff, BRITISH THOMAS, is an individual who resides in Harris County, Texas.

160.  Plaintiff, DONALD THOMAS, is an individual who resides in Harris County, Texas.

161.  Plaintiff, REGINA THOMAS, is an individual who resides in Harris County, Texas.

162. Plaintiff, RAY THOMAS, is an individual who resides in Harris County, Texas.

163. Plaintiff, VERNON THOMPSON, is an individual who resides in Harris County, Texas.

164. Plaintiff, TRACY VENABLE, is an individual who resides in Harris County, Texas.

165. Plaintiff, CLIFFORD WASHINGTON, is an individual who resides in Harris County, Texas.

166. Plaintiff, RAYMOND WASHINGTON, is an individual who resides in Harris County, Texas.

167. Plaintiff, EARNEST WILLIAMS, is an individual who resides in Harris County, Texas.

168. Plaintiff, DAVETTA YARBROUGH, is an individual who resides in Harris County, Texas.

169. Plaintiff, NIAH YOUNG, is an individual who resides in Harris County, Texas.

170. Defendant Intercontinental Terminals Company, LLC (hereafter "ITC"), is a Delaware limited liability company, with its principal place of business at 1943 Independence Parkway South, La Porte, Texas 77571. Defendant can be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

171. Defendant Mitsui & Co. (U.S.A), Inc. (hereafter "Mitsui"), is a corporation that is incorporated under the laws of the State of New York. This defendant has its principal place of business in the State of New York. Defendant is reguistered to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION AND VENUE

172.   This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of the State of Texas and two companies -  one, ITC, a limited liability company incorporated in the State of Delaware, and the other, Mitsui, the sole member of the first, incorporated in the State of New York with its principal place of business in New York, and the amount in controversy exceeds $75,000.00.

173.   Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

## IV.
## FACTUAL ALLEGATIONS

174.   On Sunday, March 17, 2019, a fire started in one of the storage tanks at the ITC facility at 1943 Independence Parkway in La Porte, Texas, just north of State Highway 225 and very near to the Houston Ship Channel.

175.   The fire started around 10:00 a.m. in a tank located in the middle of a tank farm at the ITC facility arrayed in three rows of five tanks.



176.   The fire began in Tank 80-8, which contained naptha, a component of gasoline. Upon information and belief, the fire began as butane was injected into Tank 80-8 as a step in the process of transferring the naphtha from the storage tank. A pump seal failed, and the butane vaporized and ignited.

177.   At that time, ITC had no foam fire suppression system in place at its Deer Park plant, and it had no immediate access to foam or other fire-fighting methods that could have controlled the fire in its early stages.

178.   As a result, the Deer Park Office of Emergency Management issued a shelter-in-place emergency for areas of that community and shut down State Highway 225 in both directions between Beltway 8 to Independence Parkway.

179.   The fire burned uncontrolled, and by the afternoon of the following day, Monday, March 18, 2019, it had spread to a total of eight tanks in the array. Those eight burning tanks contained toluene – used to produce nail

polish remover, glues, and paint thinner – as well as naptha, xylene, and benzene – all components of gasoline and other petroleum-based products. And by Tuesday, March 19, 2019, 11 tanks were completely ablaze and releasing toxic chemicals into the air.

180.   The fire raging in 11 tanks raised a massive cloud of toxic black smoke into the atmosphere, and it inundated the area for miles around.



181.   Amid announcements made by ITC spokesperson Alice Richardson that air quality readings around the facility were below levels that would represent a health concern, the City of Deer Park lifted its shelter-in-place warning on March 18, 2019, and reopened State Highway 225.

182.   The fires burning in all tanks were put out on the morning of March 20, 2019, but that evening a tank reignited and was subsequently extinguished.

183.   A fire again flared up in one of the tanks on March 21, 2019, causing a release of benzene into the atmosphere. Reports on that date of benzene leaks caused by the fire-damaged tanks and evaporating fire-fighting foam necessitated another shelter-in-place in Deer Park and La Porte, Texas, and several school districts closed campuses on March 21 and 22.



184.   Benzene leaks continued on March 22, 2019, requiring a shelter-in-place for neighboring industrial facilities as well as further school closures and cancellation of campus activities. On that same date, a containment dike around the burned-out tanks partially collapsed, allowing fire-fighting foam and other industrial waste to be released into a nearby ditch and eventually into Tucker Bayou and the Houston Ship Channel. The contents of the ditch caught

fire and released black smoke into the atmosphere.

185.  On Friday, March 22, Texas Attorney General Ken Paxton's office, acting on behalf of the Texas Commission on Environmental Quality, filed suit against ITC for violating the Texas Clean Air Act. The suit alleged air quality violations as a result of the Deer Park storage facility fire.

186.  ITC has a long history of state and federal environmental violations.

187.  For example, in 2008, the failure of a relief valve caused 6,745 pounds of butadiene, a human carcinogen, to be released into the atmosphere. The TCEQ fined ITC and stated that the event was "avoidable by better operational practices." In 2009, the TCEQ again fined ITC for overloading a rail car, resulting in the release of 1,452 pounds of toluene, "a hazardous air pollutant," as described by the TCEQ, over a four-hour period. The TCEQ determined that this event was avoidable because it was caused by an operator failing to tighten a bolt on a hatch.

188.  Prior to the fire at the ITC Deer Park facility that released health-threatening pollutants such as toluene, naptha, and xylene and a known carcinogen in benzene into the air, the plaintiffs suffered none of the symptoms associated with exposure to these hazardous chemicals. Since breathing smoke from the fire, and otherwise being subjected to these industrial toxins, the plaintiffs have all suffered similar symptoms associated with these pollutants – difficulty breathing, wheezing, upper respiratory infections, bronchitis, pneumonia, tight and burning throats, coughing, burning eyes, and headaches.

## V.
## CAUSES OF ACTION

### COUNT 1:   NEGLIGENCE

189.   The aforesaid incident resulted from the negligence of Defendants in one or more of the following particulars:

    a.    In failing to use ordinary care in providing a safe workplace;

    b.    In failing to furnish safe machinery, instrumentalities and equipment necessary to conduct the functions and operations of storing hazardous chemicals;

    c.    In failing to perform the work associated with storing hazardous and toxic chemicals in a safe and prudent manner;

    d.    In failing to develop and implement policies and procedures for safe and proper storage operations at the ITC facility;

    e.    In failing to instruct its employees in the safe use and handling of its machinery, instrumentalities, and equipment;

    f.    In failing to supervise its employees in the safe use and handling of its machinery, instrumentalities, and equipment;

    g.    In failing to install and have operational on site a foam fire suppression system capable of controlling and extinguishing chemical fires at the ITC facility;

    h.    In failing to use ordinary care to prevent an "emissions event" as that term is defined by the Texas Health & Safety Code and the Texas Administrative Code;

    i.    In failing to warn of the risk of harm associated with the emission of hazardous and toxic chemicals into the atmosphere over surrounding residential neighborhoods;

    j.    In failing to use ordinary care to accurately monitor and report the release of toxic chemical contaminants into the atmosphere.

Each and all of the foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the environmental incident made the basis of this lawsuit.

## COUNT 2:   NEGLIGENCE PER SE

190.   By causing the unauthorized emissions of air contaminants from one or more emissions points at the ITC facility, Defendants were negligent per se in violation of Chapter 382 of the Texas Health & Safety Code, entitled the Texas Clean Air Act, and such negligence per se was a proximate cause of the thick, black cloud infused with toxic chemicals that saturated the surrounding area for miles and produced Plaintiff's damages.

## COUNT 3:   NEGLIGENT NUISANCE AND STRICT LIABILITY NUISANCE

191.   The Texas Supreme Court has ruled that "the term 'nuisance' refers not to a cause of action or to a defendant's conduct but to the legal injury that the conduct causes." *Crosstex North Texas Pipeline, L.P. v. Gardiner,* 505 S.W.3d 580, 604 (Tex. 2016). Thus, generally, nuisance is not a cause of action but an element of damages.

192.   However, in *Crosstex,* the Supreme Court identified three categories of conduct "that may support liability for creating a nuisance." *Crosstex,* 505 S.W.3d at 604. The Supreme Court denominated these three nuisance-based causes of action as: 1. Intentional Nuisance, 2. Negligent Nuisance, and 3. Strict-liability Nuisance. *Id.* at 604-609.

193.   Plaintiffs herein assert causes of action against Defendants for negligent nuisance and strict-liability nuisance.

194.   Defendants failed to take precautions against a risk that was apparent to a reasonably prudent person, a risk for which Defendant had, in fact, been sanctioned for ignoring multiple times in the past. Therefore, Defendants negligently caused a tremendous cloud of toxic chemicals – some carcinogenic – to suffuse the properties where Plaintiffs lived and worked. Exposure to this chemical cloud proximately caused Plaintiffs' damages.

195.   Further, the various toxic chemicals released into the atmosphere by the fire represented "abnormally 'dangerous substance[s],' " and Defendants' storing, handling, and processing these chemicals constituted an "abnormally dangerous activity" that created a "high degree of risk" of serious injury to others "from an accidental invasion." *Crosstex,* 505 S.W.3d at 609. Therefore, Defendants are strictly liable for Plaintiffs' damages under the *Crosstex* precedent.

## COUNT FOUR:   GROSS NEGLIGENCE

196.   Defendants had actual knowledge of the volatile and toxic nature of the chemicals that they stored and processed in the tanks at the ITC facility. Defendant ITC had been sanctioned in the past by governmental agencies for statutory violations involving unauthorized release of some of these same hazardous chemicals into the environment. Yet, Defendants took no steps to implement emergency measures or safety policies to counteract a fire in the tank farm particular to this case. Defendants  and it had no form of fire-fighting equipment – no foam fire-suppressant system or any other method – on the premises to contain and control the chemical fire that started

on March 17, 2019, before it raged for days and released health-threatening toxins and carcinogens into the air.

197.   The willful acts and omissions of Defendants, as stated, evidenced such gross neglect as to amount to conscious indifference to the rights, welfare, and safety of the plaintiffs and constituted gross negligence as that term is understood under Texas law.  This gross negligence on the part of these same Defendants was a proximate cause of personal injuries endured by Plaintiffs, and Plaintiffs are entitled to recover punitive damages.

## VI.
## DAMAGES

198.   Plaintiffs further would show that as a result of the injuries sustained in the event complained of herein, Plaintiff has been caused to incur debts and expenses for medical and healthcare treatment, drugs, and other expenses in the past, and will be required, in all reasonable probability, to incur additional expenses in the future.

199.   As a result of the event made the basis of this suit, Plaintiffs were caused to suffer severe physical impairment due to the nature of the injuries inflicted. The physical impairment suffered by Plaintiffs is permanent, and in all likelihood, it will grow worse over the course of their lives and have a progressively negative effect on their ability to enjoy life.

200.   As a result of the event made the basis of this suit, Plaintiffs were caused to suffer severe and excruciating physical pain and mental anguish due to the nature of the injuries inflicted. These injuries have caused Plaintiffs to suffer from physical pain and mental anguish in the past, and in all reasonable

probability, Plaintiffs will continue to suffer from such elements of damage into the future.

201.   At the time of the event made the basis of this suit, many among the plaintiffs were gainfully employed. As a further result of the injuries sustained by these certain Plaintiffs, they have suffered physical impairment and now sue for loss of earning capacity in the past as well as loss of earning capacity in the future.

202.   As a result of Defendants' negligent acts and omissions in failing to take precautions against a high degree of risk from their abnormally dangerous activity in storing and processing abnormally dangerous substances, Plaintiffs have been damaged by a nuisance that invaded their residential properties and their work premises and seek compensation for this nuisance.

203.   As a result of the acts of negligence complained of herein, Plaintiffs have sustained damages in a sum within the minimal jurisdictional limits of this Court. However, Plaintiffs specifically reserve the right to amend and plead for such other and different amounts of damages as the treatment and condition of Plaintiffs shall from time to time indicate before the trial of this cause of action.

## VII.
## DEMAND FOR JURY TRIAL

204.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action of all issues so triable.

## VIII.
## <u>PRAYER</u>

11.1   FOR THE FOREGOING REASONS, Plaintiff prays that Defendants be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:

(i)     Judgment against Defendant for Plaintiff's damages as set forth above;

(ii)    Prejudgment interest at the rate prescribed by law until the date judgment is entered herein;

(iii)   Postjudgment interest as allowed by law on any judgment awarded by this Court and the Jury from the date judgment is entered until paid;

iv)    Costs of court;

(v)    All other relief to which Plaintiff is justly entitled.


Respectfully submitted,

**DeSimone Law Office**


By: /s/   *Donald G. DeSimone*

Donald G. DeSimone
Texas Bar No. 05776710
4635 Southwest Freeway, Suite 850
Houston, Texas 77098
Office:     713-526-0900, ext. 2230
FAX:       713-526-8041
E-mail: ddesimone@desimonelawoffice.com

**THE LAW FIRM OF DAVID CHAPIN**

By: <u> /s/ *David E. Chapin*</u>

David E. Chapin
Texas Bar No. 00793487
3120 S.W. Freeway, Suite 555
Houston, Texas  77098
Office:   713-526-2086
FAX:      713-526-8041
E-mail: david@davidchapinlaw.com

**ATTORNEYS FOR PLAINTIFFS**